UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                        **DECISION AND ORDER**
                                                    13-CR-020S

JEREMY SCOUTEN.

                      Defendant.

1.  This Court previously referred the present matter to the Honorable Hugh B. Scott, United Magistrate Judge, to, among other things, hear and report on any dispositive issue pursuant to 28 U.S.C. § 636(b)(1)(B). Presently before this Court are Defendant's objections to Judge Scott's March 2, 2015 report which recommended denial of Defendant's motion to suppress statements and evidence.

2.  Pursuant to 28 U.S.C. § 636(b)(1)(B), a magistrate judge may hear and submit a report and recommendation on any dispositive motion before the Court.  Local Rule of Criminal Procedure 59(b)(2) further requires that written objections to a magistrate judge's report "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."  After *de novo* review of those portions of the report and recommendation to which proper objections are made, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See 28 U.S.C. § 636(b)(1)(C); United States v. Gardin, 451 F. Supp. 2d 504, 506 (W.D.N.Y. 2006).

3.     In contrast, general or perfunctory objections which are merely "a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge" are improper. Camardo v. General Motors Hourly-Rate Emp. Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y. 1992) (no "second bite at the apple" will be permitted).  The district court may adopt those parts of the report to which no objection or an improper objection is raised so long as such are not clearly erroneous. Gardin, 451 F. Supp. 2d at 506.

4.     This Court notes that Defendant's objections to Judge Scott's determinations regarding the sufficiency of the search warrant, interspersed throughout his summary of the report and recommendation, appear to be mere repetitions of the arguments made to the Magistrate Judge.  Nonetheless, even if *de novo* rather than clear error review were appropriate, these objections must be denied.  The search warrant contained sufficient information, either on its face or by incorporation of Attachments A and B to the warrant application, to: (1) "identify the specific offense for which the police have established probable cause;" (2) sufficiently describe the place to be searched; and (3) specify the items seized by their relation to the designated crimes.  United States v. Galpin, 720 F.3d 436, 445-46 (2d Cir. 2013).  Contrary to Defendant's objection, Attachment B sufficiently limited the scope of the search of computers or other data storage to files, images, and correspondence related to the specified crimes of distribution and possession of child pornography. Further, to the extent, if any, that Attachment A as referenced in the search warrant does not sufficiently describe the location to be searched, the application, which provides further detail in the supporting

affidavit, is sufficiently referenced in and attached to the warrant itself. Cf. Groh v. Ramirez, 540 U.S. 551, 557, 124 S. Ct. 1284, 157 L. Ed. 2d 1068 (2004) (search warrant did not adequately describe items to be seized where the detailed description of those items appeared only in an application that did not accompany the warrant, but was instead filed under seal).

5.   Defendant further objects to Judge Scott's recommended denial of suppression of statements made by Defendant at the time the search warrant was executed in August 2012. Upon *de novo* review of Defendant's objection, this Court agrees with and adopts the reasoning of the Magistrate Judge on this issue. Contrary to Defendant's argument, the fact that Defendant's driver's license had been suspended did not create a practical impediment to him leaving the residence after he was told he was free to do so. Further, although Agent Williams testified that he did not know if Defendant had been handcuffed "when the agents first came in contact with [Defendant]" outside of Williams' presence, the agent was never questioned about whether Defendant was handcuffed at the time Williams spoke to him. (See Hr'g Tr 34, Docket No. 65; cf. Def's Obj at 4 (arguing that Agent Williams testified that he did not recall whether Defendant was handcuffed "during the time that the interview took place"). Nor did Defendant clearly allege in either of his submitted affidavits that he was handcuffed at the outset of or during the interview, as opposed to when the agents initially entered. (Docket Nos. 48, 62-1.)

IT HEREBY IS ORDERED that the March 2, 2015 Report and Recommendation of Judge Scott (Docket No. 73) is ACCEPTED;

FURTHER, that Defendant's objections (Docket No. 80) are DENIED;

FURTHER, that Defendant's Motions for Suppression (Docket Nos. 31, 39) are denied as to Defendant's August 6, 2012 statements, denied as moot with respect to his November 29, 2012 statements, and denied with respect to evidence pertained pursuant to the search warrant executed for 2502 Falls Street.

Dated: June 15, 2015
Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
Senior United States District Judge