UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

JEREMY EDMUND SCOUTEN,

        Defendant.

**DECISION AND ORDER**
13-CR-20S

Presently before this Court is Defendant Jeremy Edmund Scouten's "Motion for Habeas Corpus Relief and for Interim Conditional Release Pursuant to the First Step Act Amendment to the Good Time Statute." (Docket No. 113.) Scouten challenges the Bureau of Prisons' failure to calculate his good-time credit under Section 102 (b)(1)(A) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018) ("the First Step Act" or "the Act"). That provision amends 18 U.S.C. § 3624 (b)(1) to change the manner of calculating good-time credit and allow for an increase in the maximum good-time credit from 47 to 54 days per year. For several reasons, Scouten's motion must be denied.

First, in challenging the Bureau of Prisons' execution of his sentence, Scouten's request for habeas relief is properly construed under 28 U.S.C. § 2241. See Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004) ("Section 2241[ ] is the proper means to challenge the *execution* of a sentence. In a § 2241 petition, a petitioner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated.") (emphasis in original). But

a § 2241 petition must be filed in the judicial district with jurisdiction over the inmate's current custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004); see also 28 U.S.C. §§ 2242, 2243. Because Scouten is incarcerated at the Allenwood Federal Correctional Institution in Pennsylvania, this Court lacks jurisdiction over his § 2241 petition.

Second, even if this Court had proper jurisdiction, it cannot do what Scouten seemingly wants it to do: apply good-time credit in the first instance. See Wright v. Hudson, No. 9:12-CV-01638-JKS, 2015 WL 5971055, at *3 (N.D.N.Y. Oct. 14, 2015) ("Thus, with respect to a § 2241 petition challenging the computation of credit on a federal sentence, a district court has the power only to review a decision by the BOP, not to make credit determinations in the first instance."). It is the Bureau of Prisons, not the courts, that determines good-time credit. See 18 U.S.C. § 3624 (b); cf. United States v. Wilson, 503 U.S. 329, 333, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992) (holding that the Attorney General, not the federal courts, determines the appropriate credit for time spent in official detention).

Third, even construing Scouten's petition as one challenging the Bureau of Prisons' decision to not immediately apply § 102 (b)(1)(A) of the First Step Act, it would fail because the provision has not yet taken effect. By the plain terms of the Act, the provision is not effective until the Attorney General completes the "risk and needs assessment system" required to be completed within 210 days of the Act's enactment, or sometime in July 2019. See First Step Act, §§ 101 (a), 102 (b)(1)(B). Section 102 (b)(1)(B) specifically provides that "[t]he amendments made by this subsection [referring

to subsection 102 (b) of the First Step Act] shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system under subchapter D of chapter 229 of title 18, United States Code, as added by section 101 (a) of this Act." Scouten's arguments to the contrary—that § 102 (b)(1)(A) is immediately effective—are each unpersuasive in light of the plain effective date provision in § 102 (b)(1)(B).

For all of these reasons, Scouten's "Motion for Habeas Corpus Relief and for Interim Conditional Release Pursuant to the First Step Act Amendment to the Good Time Statute" is denied.

IT HEREBY IS ORDERED, that the "Motion for Habeas Corpus Relief and for Interim Conditional Release Pursuant to the First Step Act Amendment to the Good Time Statute" (Docket No. 113) is DENIED.

Date: April 14, 2019
      Buffalo, NY

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge